```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
AVROHOM MANES,                                                 :
                                                               :
                                        Plaintiff,             :
                                                               :
                -against-                                      :    20-CV-11059 (VEC)
                                                               :
JPMORGAN CHASE BANK, N.A., and                                 :    OPINION AND ORDER
EXPERIAN INFORMATION SOLUTIONS,                                :
INC.,                                                          :
                                                               :
                                        Defendants.            :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/7/2022

VALERIE CAPRONI, United States District Judge:

Plaintiff Avrohom Manes sued JP Morgan Chase Bank, N.A. and several credit reporting agencies[1] for: (1) violation of the Fair Credit Reporting Act ("FCRA"); (2) negligence or gross negligence; (3) violation of New York General Business Law § 349; (4) breach of the duty of good faith and fair dealing; (5) breach of contract; (6) fraud; (7) violation of the Fair Debt Collection Practices Act ("FDCPA"); and (8) intentional or negligent infliction of emotional distress. *See* Compl., Dkt. 1 at Ex. 1; Second Am. Compl., Dkt. 55. JPMorgan Chase ("Defendant" or "Chase") has moved to dismiss Plaintiff's complaint, arguing that: (1) Plaintiff's FCRA claim is time barred; (2) Plaintiff's negligence and N.Y. Bus. Law § 349 claims are preempted by FCRA; and (3) Plaintiff has failed to state a claim for any of his remaining causes of action. *See* Def. Mem. of Law, Dkt. 61. Plaintiff opposes the motion. *See* Pl. Mem. of Law, Dkt. 80. For the reasons discussed below, Chase's motion to dismiss is GRANTED in part and DENIED in part.

---

[1] All Defendants except Experian Information Solutions, Inc., and Chase have been terminated. *See* Dkts. 22, 41, 83. Experian answered Plaintiff's complaint on July 9, 2021. *See* Dkt. 56.

## BACKGROUND[2]

On or about September 18, 2017, Plaintiff opened a business credit card account with Chase in the name of Main Street Optical, a business Plaintiff owned at that time. Second Am. Compl. ¶ 14. Plaintiff sold Main Street Optical on or about December 17, 2017, after which he contacted Chase by telephone and fax to notify the bank and to either close the account or have his name removed from it. *Id.* ¶ 18. On or about February 2, 2018, Plaintiff faxed a completed change of ownership form to Chase, indicating that he no longer owned Main Street Optical; Chase confirmed receipt on or about February 7, 2018. *Id.* ¶ 20; Pl. Mem. of Law at 11. Chase then discontinued the original account and opened a new Main Street Optical business account for the new owners. Second Am. Compl. ¶¶ 23–24.

Nevertheless, Plaintiff alleges, Chase held him responsible for debt incurred on the new account. *Id.* ¶ 27. In or about April 2018, Plaintiff contacted Chase to dispute the debt. *Id.* ¶ 28; *see also id.* ¶¶ 29–30, 38–39. Plaintiff alleges that he reasonably trusted and believed that Chase would correct the error and would not report false financial information to any credit reporting agency. *Id.* ¶ 40. Nevertheless, on or about December 11, 2018, Chase reported to several credit reporting agencies, including Experian, TransUnion, and Equifax, that Plaintiff was responsible for a debt of over twenty thousand dollars. *Id.* ¶ 31.

Plaintiff alleges that he first learned of this negative credit report in late 2019 or early 2020, when he sought and was denied credit to obtain a new mortgage loan. *Id.* ¶ 32. On September 16, 2020, Plaintiff's attorney submitted a formal written dispute to Chase's Credit Bureau Dispute Processing and to Experian, Equifax, and Trans Union. *Id.* ¶¶ 45, 54, 85; *see also* Decl. of Daniel Ashburn, Dkt. 81 at Ex. B. On October 17, 2020, Chase told Plaintiff that

---

[2] The facts are taken from the Second Amended Complaint and presumed to be true for purposes of this motion.

the major credit agencies were not reporting the debt on the account. Second Am. Compl. ¶ 46. Plaintiff alleges that this was false, however, because Experian and Trans Union were reporting the debt on Plaintiff's credit report. *Id.* On November 24, 2020, Plaintiff received a letter from Chase stating that Plaintiff is responsible for the outstanding debt. *Id.* ¶ 47. Plaintiff sued on December 8, 2020. *See* Compl. He has amended his complaint twice. *See* Am. Compl., Dkt. 29; Second Am. Compl.

## DISCUSSION

Chase has moved to dismiss, arguing that: (1) Plaintiff's FCRA claim is time barred; (2) Plaintiff's negligence and N.Y. Bus. Law § 349 claims are preempted by FCRA; and (3) Plaintiff has failed to state a claim for any of his remaining causes of action. *See* Def. Mem. of Law at 1–2.

### I. Plaintiff's FCRA Claim is Timely

Chase argues that Plaintiff's FCRA claim must be dismissed as time barred. *See id.* at 5–9. Because the statute of limitations is an affirmative defense, the defendant has the burden of showing that the plaintiff failed to plead a timely claim. *See Marcinski v. RBS Citizens Bank, N.A.*, 36 F. Supp. 3d 286, 289 (S.D.N.Y. 2014). Dismissing claims on statute of limitations grounds at the complaint stage "is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999).

As is relevant here, pursuant to 15 U.S.C. § 1681p, a plaintiff must bring an FCRA claim not later than two years after the plaintiff discovered the violation that is the basis for liability. *See TRW Inc. v. Andrews*, 534 U.S. 19, 22 (2001).[3] The date of discovery by the plaintiff is the

---

[3] The statute of limitations is the earlier of two years after discovery or five years after the date on which the violation that is the basis for liability occurs. 15 U.S.C. § 1681p. The parties agree that the operative question here is whether Plaintiff sued within two years after the date of discovery of the violation that is the basis for the Complaint.

3

date when "that party possesses all of the material facts necessary to identify a violation." *Trans Union LLC v. Lindor*, 393 F. App'x 786, 788 (2d Cir. 2010) (summary order).

"Given the FCRA's language, as well as its purpose, each alleged failure of Defendant[ ] to comply with [its] FCRA obligations constitutes a separate FCRA violation, even though the violations stem from the same allegedly false or inaccurate credit information." *Marcinski*, 36 F. Supp. 3d at 290; *accord Jenkins v. Chase Bank USA, N.A.*, No. 14-CV-5685, 2015 WL 4988103, at *7 n.6 (E.D.N.Y. Aug. 19, 2015). Accordingly, where, as here, a FCRA violation is based on a furnisher's obligations under § 1681s–2(b), "each separate notice of dispute triggers a duty to investigate the disputed information," which, in turn, triggers its own separate statute of limitations. *Marcinski*, 36 F. Supp. 3d at 290; *see also Jenkins v. Chase Bank*, 2015 WL 4988103, at *7 n.6 (citing *Young v. LVNV Funding LLC,* No. 12–CV–1180, 2013 WL 4551722, at *3 (E.D. Mo. Aug. 28, 2013) ("each re-report of inaccurate information, and each failure to conduct a reasonable investigation in response to a dispute, is a separate FCRA violation subject to its own statute of limitations.")).

This lawsuit was filed on December 8, 2020. *See* Compl., Dkt. 1 at Ex. 1. Accordingly, the statute of limitations bars any FCRA claim arising from events that occurred prior to December 8, 2018.

Chase argues that Plaintiff discovered the alleged credit reporting violation in early 2018, reported unauthorized charges to his account in April 2018, and escalated the issue to his attorney, who wrote to Chase in August 2018 asserting that the debt was in error. *See* Def. Mem. of Law at 5 (citing, *inter alia*, Second Am. Compl. ¶¶ 27–28, 38–39); *see also* Decl. of David Rivera, Dkt. 60 at Ex. C. Accordingly, Chase argues, "Plaintiff's commencement of this action on December 8, 2020 is beyond the applicable two-year statute of limitations." Def. Mem. of

4

Law at 5. Chase further argues that it received its first notice of Plaintiff's 2020 credit dispute on December 2, 2020, just six days before Plaintiff sued and, thus, no liability could arise under 15 U.S.C. § 1681s–2(b) because Chase had at least 30 days from receipt of the complaint to comply, which was well after Plaintiff filed suit. *See id.* at 5–6; *see also* Def. Reply Mem. of Law, Dkt. 82 at 3 ("Manes commenced this action . . . well before liability accrued under the FCRA for alleged failure to comply with its obligations under § 1681s-2(b).").

Plaintiff argues that the limitations period did not begin with Plaintiff's 2018 discovery of improper charges to his account. *See* Pl. Mem. of Law at 10. While Plaintiff alleges that Chase violated § 1681s–2(a) on or about December 11, 2018 — when Chase first incorrectly reported to several credit reporting agencies that Plaintiff was responsible for an unpaid debt of over twenty thousand dollars[4] — Plaintiff says that this action is not based on that violation but is instead based on a later violation of § 1681s–2(b). *See id.* Specifically, Plaintiff asserts that this case is premised on Chase's failure to investigate his September 2020 dispute of a Chase debt on his credit report; therefore, Plaintiff argues, the statute of limitations should begin to run when Plaintiff discovered that violation. *See id.* at 8–9; *see also* Second Am. Compl. ¶¶ 77–79 Plaintiff asserts that he did not discover Chase's violation of 15 U.S.C. § 1681s–2(b) until November 24, 2020, when, following his 2020 dispute, Chase notified him that he was responsible for the debt, thereby demonstrating to Plaintiff that Chase had not investigated the dispute he submitted in September. *See* Second Am. Compl. ¶¶ 47–48. Accordingly, Plaintiff argues, his December 8, 2020 complaint was filed less than two years from the time he

---

[4] Even if December 11, 2018 were the controlling date, Plaintiff argues, his December 8, 2020 complaint was still filed within two years; thus, if he were pursuing a claim pursuant to § 1681s-2(a) for the erroneous report, it would not be time barred. *See* Pl. Mem. of Law at 10. Nevertheless, Plaintiff explained in his brief in opposition to the motion to dismiss that he is not pursuing any claims based on the 1681s-2(a) violation because the FCRA does not provide a private right of action for violating that provision. *See id.*

discovered that Chase had violated 15 U.S.C. § 1681s–2(b). *See* Pl. Mem. of Law at 9. Finally, Plaintiff argues that Chase's claim that it did not receive a notice of dispute until December 2, 2020, conflicts with allegations in the Second Amended Complaint that must be accepted as true for purposes of this motion: that Plaintiff's attorney submitted formal written disputes to Chase and to the credit reporting agencies on September 16, 2020. *See id.* at 9–10 (citing Second Am. Compl. ¶¶ 45, 85).

Plaintiff's FCRA claim is timely. Accepting the well-pled facts in the Second Amended Complaint as true,[5] Plaintiff was aware of issues with Chase's credit determination as early as 2018, *see* Second Am. Compl. ¶¶ 28, 39; *see also* Rivera Decl. at Ex. C, but Plaintiff did not discover Chase's 2020 violation of § 1681s–2(b) — regarding its failure to investigate his September 2020 complaint that the reported debt was an error— until November 2020, *see* Second Am. Compl. ¶¶ 48, 77–79; *see also Jenkins v. AmeriCredit Fin. Servs., Inc.*, No. 14-CV-5687, 2017 WL 1325369, at *5 (E.D.N.Y. Feb. 14, 2017) (drawing a distinction, for statute of limitation purposes, between FCRA claims alleging the defendant misreported debts to credit reporting agencies and FCRA claims based on the defendant's failure to conduct a reasonable investigation upon receiving notice of a disputed debt); *Jenkins v. Chase Bank*, 2015 WL 4988103, at *6 (same).[6] In November 2020, Plaintiff learned that he was still being held responsible for the charges, despite the fact that he had sent notices of dispute to three credit reporting agencies and to Chase. *See* Pl. Mem. of Law at 9 (citing Second Am. Compl. ¶¶ 45,

---

[5] A better drafted complaint would likely have obviated this portion of Chase's motion to dismiss entirely. While Plaintiff's brief in opposition to the motion to dismiss makes it reasonably clear that his claim rests entirely on Chase's failure to conduct a reasonable investigation following his 2020 dispute, *see* Pl. Mem. of Law at 8–10, that is not entirely obvious from the Second Amended Complaint. Having committed to that position in his response to the motion to dismiss, that is the only FCRA claim that will proceed.

[6] *Cf. Marcinski*, 36 F. Supp. 3d at 291 ("Were the Court to hold that the duties of a furnisher of credit lapse once an initial investigation is undertaken in regard to disputed information, it would contravene both the statutory language and the stated intent of the FCRA.").

54, 85); *see also* Second Am. Compl. ¶¶ 47–48.  The FCRA is clear that the obligations of a furnisher of information to investigate arise upon receiving notice that a consumer is disputing information reported to a credit reporting agency.  *See* 15 U.S.C. § 1681s–2(b)(1) ("After receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a [furnisher of information] to a consumer reporting agency, [the furnisher of information] shall . . . conduct an investigation . . . review all relevant information . . . report the results . . . [and] if an item of information . . . is found to be inaccurate or incomplete or cannot be verified . . . modify . . . delete . . . or permanently block the reporting of that item of information."); *see also Okocha v. HSBC Bank USA, N.A.*, 700 F. Supp. 2d 369, 374 (S.D.N.Y. 2010) ("Section 1681s–2(b) provides a private right of action with respect to duties imposed on a furnisher of information to CRAs . . . *once the Furnisher has received notice of a consumer's dispute*.") (emphasis added).  Because each notice of a dispute triggers a separate duty to investigate, it also triggers a separate statute of limitations.  *See Marcinski*, 36 F. Supp. 3d at 290.  Accordingly, Chase's FCRA obligation to investigate arose when it received notice that Plaintiff disputed the debt Chase reported.

Plaintiff alleges that: (1) on October 17, 2020, Chase represented to Plaintiff that the four major reporting agencies were not reporting the disputed debt; and (2) on November 24, 2020, Plaintiff received a letter from Chase asserting that Plaintiff is responsible for the outstanding debt.  *See* Second Am. Compl. ¶¶ 46–47; *see also* Ashburn Decl. at Exs. C, D.  According to Plaintiff, Chase's November letter put him on notice that Chase had failed to conduct a reasonable investigation of the dispute submitted to it in September 2020.  *See* Second Am. Compl. ¶¶ 48–51.  Those allegations are sufficient at this stage to find that the statute of

limitations began to run on November 24, 2020, the day Plaintiff learned that Chase had failed to investigate the dispute he reported in September 2020.

Because the statute of limitations began to run on November 24, 2020, Plaintiff's FCRA claim, brought on December 8, 2020, is timely.[7]

## II. FCRA Preempts Plaintiff's Negligence and N.Y. Gen. Bus. Law § 349 Claims

Chase also argues that FCRA preempts Plaintiff's negligence and N.Y. Gen. Bus. Law § 349 claims. *See* Def. Mem. of Law at 10–11. Section 1681h(e) of FCRA provides: "no consumer may bring any action or proceeding in the nature of . . . negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency." 15 U.S.C. §1681h(e). Section 1681t(b)(1)(F) further provides: "[n]o requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. §1681t(b)(1)(F).

The Second Circuit has made clear that FCRA preempts state law claims, whether statutory or common law. *See Macpherson v. JPMorgan Chase Bank*, 665 F.3d 45, 47 (2d Cir. 2011) (per curiam) ("The phrase '[n]o requirement or prohibition' sweeps broadly and . . . easily encompass[es] obligations that take the form of common-law rules.") (quoting *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 521 (1992)); *see also Premium Mortg. Corp. v. Equifax, Inc.*,

---

[7]  Paradoxically, Chase also argues that this case was brought too soon. Chase's argument is that the lawsuit was filed on December 8, 2020, but Chase did not learn of Plaintiff's September 2020 dispute until December 2, 2020. *See* Def. Mem. of Law at 5–6 (citing Rivera Decl. ¶ 3); *see also id.* at 6 n.5 (citing, *inter alia*, June 3, 2021 Ltr., Dkt. 45 at 3 (Experian reported that Plaintiff first disputed the account with it on December 2, 2020)). Plaintiff alleges that he sent notices of dispute to Chase and the credit reporting agencies on September 16, 2020. *See* Second Am. Compl. ¶¶ 45, 54, 85; Ashburn Decl. at Ex. B ; *see also* 15 U.S.C. §1681i(a)(2) (requiring a credit reporting agency to notify the furnisher of information of a dispute within five business days beginning on the date the credit reporting agency received notice of the dispute from a consumer).

Whether Chase received notice of dispute on September 16 or December 2, 2020, is a dispute of fact that cannot be resolved at the motion to dismiss stage when the Court must take Plaintiff's factual allegations as true.

583 F.3d 103, 106–07 (2d Cir. 2009) ("Plaintiff's distinction between statutory and common-law claims under [§1681t(b)] of the FCRA's express preemption provision is . . . unpersuasive . . . [and] must yield to the FCRA under the Supremacy Clause"). The Second Circuit has further explained that "§ 1681t(b)(1)(F) preempts . . . claims that concern a furnisher's responsibilities" but does not preempt state law claims "if the claims against the defendant do not also concern that defendant's legal responsibilities as a furnisher of information under the FCRA." *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 446 (2d Cir. 2015) (emphasis removed).

Chase argues that, because Plaintiff's negligence and § 349 claims are "grounded in the allegation that Chase caused him injury by furnishing inaccurate information to the credit bureaus," these claims are expressly preempted by FCRA. *See* Def. Mem. of Law at 10 (citing 15 U.S.C. §§ 1681h(e), 1681t(b)(1)(F)). Plaintiff, in response, argues that his claims are not preempted because they are not based on Chase's violations of FCRA, but rather on Chase's "non-FCRA-regulated actions, omissions, and representations." Pl. Mem. of Law at 10–11 (citing *Galper*, 802 F.3d 437).[8]

Plaintiff's negligence and § 349 claims are both preempted by FCRA because Plaintiff has not pled any facts to suggest that these claims concern conduct different from that underlying his FCRA claim. Indeed, quite the opposite. Plaintiff's negligence claim rests on his allegation that Chase failed or refused to, among other things: (1) "properly administer the Cardmember account and Agreement so as not to cause harm to Plaintiff"; (2) "properly and promptly investigate and notify the Plaintiff regarding the events complained of herein so as to not cause harm to Plaintiff"; and (3) "follow Defendants' own rules and procedures and federal and state

---

[8] *Galper* is readily distinguishable, as the state law claim at issue there was identity theft, a claim specifically exempt from preemption. *See Galper*, 802 F.3d at 444 ("Congress set forth a general rule that it did not wish the FCRA to preempt state laws concerning identity theft unless they were inconsistent with the FCRA."); *see also* 15 U.S.C. § 1681t(a). There is no such preemption exception for negligence and N.Y. Gen. Bus. Law § 349 claims.

9

law in responding to instructions and questions regarding the Agreement and account." Second Am. Compl. ¶ 92. Plaintiff's § 349 claim similarly rests on Plaintiff's claim that Chase "[s]ystematically provid[ed] Plaintiff with false information that the request [to be removed from the account] had been processed when, in fact, he remained on the account, and falsely advis[ed] the Plaintiff that [credit reporting agencies] were not reporting his account." *Id.* ¶ 110. These allegations are, at their core, about Chase's violations of FCRA; thus, they are preempted. *See, e.g.*, *Galper*, 802 F.3d at 449 ("[Section] 1681t(b)(1)(F) preempts any recovery for damages based on allegations of erroneous or otherwise improper furnishing" of information to credit reporting agencies."); *Barberan v. Nationpoint,* 706 F. Supp. 2d 408, 429 (S.D.N.Y. 2010) (dismissing, *inter alia*, plaintiff's negligence claim because "[a]s pled, Plaintiffs' tort claims fall squarely within the subject matter regulated under § 1681s–2, which governs the furnishing of information to credit agencies"); *Torres v. Wakefield & Assocs.*, No. 20-CV-9343, 2021 WL 199532, at *1 (S.D.N.Y. Jan. 20, 2021) ("claims pursuant to New York General Business Law Section 349 concerning a defendant's obligation as a 'furnisher' of information to credit reporting agencies are preempted by the FCRA.") (citation omitted).

      Accordingly, Plaintiff's negligence and N.Y. Gen. Bus. Law § 349 claims are both dismissed with prejudice because they are preempted.

### III.     Failure to State a Claim

Finally, Chase argues that Plaintiff has failed to state a claim as to any of his remaining causes of action.  *See* Def. Mem. of Law at 14–18, 21–25.[9]  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief."  *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  "[A] complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level."  *Keiler v. Harlequin Enters., Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted).

The Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff.  *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013) ("We . . . 'constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.'") (quoting *Chase Grp. All. LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 126, 150 (2d Cir. 2010)).  The Court is not required, however, "to accept as true a legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "In considering a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 157 F. Supp. 3d 352, 360 (S.D.N.Y. 2016) (internal quotation marks and citation omitted).

---

[9]     Plaintiff does not oppose Chase's motion to dismiss his FDCPA or intentional or negligent infliction of emotional distress claims.  *See generally* Pl. Mem. of Law.  Accordingly, both claims have been abandoned and are, therefore, dismissed with prejudice.  *See Malik v. City of N.Y.*, 841 F. App'x 281, 283–84 (2d Cir. 2021) ("'[w]hen a party fails adequately to present arguments' in a brief, a court may properly 'consider those arguments abandoned'" and, accordingly, dismissal of corresponding claims is proper) (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 172 (2d Cir. 2004)).

### A. Breach of Duty of Good Faith and Fair Dealing

It is well-established that "[i]mplicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance." *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389 (1995) (citation omitted). The duty comprises "any promises which a reasonable person in the position of the promisee would be justified in understanding were included [in the contract]." *Id.* (internal quotation marks and citation omitted). New York law is clear, however, that the covenant "does not create obligations that go beyond those intended and stated in the language of the contract." *Mariah Re Ltd. v. Am. Family Mut. Ins. Co.*, 52 F. Supp. 3d 601, 611 (S.D.N.Y. 2014) (quoting *Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 497 (S.D.N.Y. 2002)) (internal quotation marks omitted); *see also Dalton*, 87 N.Y.2d at 389 ("The duty of good faith and fair dealing . . . is not without limits, and no obligation can be implied that 'would be inconsistent with other terms of the contractual relationship.'") (citation omitted).

Chase argues that Plaintiff's claim fails because the Second Amended Complaint does not identity the contract at issue or the contractual right or benefit that he was denied. *See* Def. Mem. of Law at 15. Chase further argues that Plaintiff's claim for breach of the duty of good faith and fair dealing is "substantively indistinguishable" from Plaintiff's breach of contract claim and, thus, must be dismissed. *See id.* at 15–16 (citing, *inter alia*, *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002); *Page Mill Asset Mgmt. v. Credit Suisse First Bos. Corp.*, No. 98-CV-6907, 2000 WL 335557, at *8 (S.D.N.Y. Mar. 30, 2000)). Finally, Chase argues that Plaintiff's breach of good faith and fair dealing claim must be dismissed as a matter of law because it is based entirely on conclusory assertions. *See id.* at 16 (citing Second Am. Compl. ¶ 98).

Plaintiff, in response, argues simply that "Chase's failure to restrict further charges and remove Plaintiff from the new account deprived Plaintiff of the benefits of the agreement and thus violated the covenant of good faith and fair dealing." Pl. Mem. of Law at 13.

"In New York, breach of the implied duty of good faith and fair dealing 'is merely a breach of the underlying contract.'" *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004) (quoting *Fasolino Foods Co. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir. 1992)). Accordingly, New York law will not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when it arises from the same allegations as a breach of contract claim. *See Amcan Holdings, Inc. v. Can. Imperial Bank of Com.,* 70 A.D.3d 423, 426 (1st Dep't 2010) (upholding dismissal of claim for breach of the implied covenant as "duplicative of the breach-of-contract claim" because "both claims arise from the same facts and seek the identical damages for each alleged breach") (internal citations omitted); *accord, e.g.*, *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 333–34 (S.D.N.Y. 2010); *Goldblatt v. Englander Commc'ns, LLC,* No. 06-CV-3208, 2007 WL 148699, at *5 (S.D.N.Y. Jan. 22, 2007) ("a claim for breach of the implied covenant of good faith can survive a motion to dismiss 'only if it is based on allegations different from those underlying the accompanying breach of contract claim.'") (citation omitted).

Plaintiff's claim for breach of the duty of good faith and fair dealing is duplicative of his breach of contract claim, as both concern Chase's alleged failure to take appropriate steps to investigate and remedy Plaintiff's disputed debt. *Compare* Second Am. Compl. ¶ 97 *with id.* ¶ 102; *see also* Pl. Mem. of Law at 12–13.[10] Accordingly, Plaintiff's claim for breach of the duty of good faith and fair dealing is dismissed with prejudice.

---

[10] Telling, Plaintiff combines his arguments regarding both claims in his opposition to Chase's motion to dismiss. *See* Pl. Mem. of Law at 12–13.

### B. Breach of Contract

To state a claim for breach of contract, Plaintiff must allege: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir. 1996); *accord Arnell Constr. Corp. v. N.Y. City Sch. Constr. Auth.*, 144 A.D.3d 714, 715 (2d Dep't 2016). Further, to state a claim for breach of contract, a complaint must allege the specific provisions of the contract upon which the claim is based. *See, e.g.*, *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 468 (S.D.N.Y. 2016) (dismissing breach of contract claim for "fail[ure] to plead the essential terms of the alleged agreement between the parties and which provisions, if any, were breached"); *Mariah Re*, 52 F. Supp. 3d at 611 ("An 'essential requirement' to stating [a breach of contract] claim is alleging a 'specific provision' that was breached.") (citation omitted); *Wolff*, 171 F. Supp. 2d at 358 (dismissing breach of contract claim because plaintiffs failed to identify the contractual provisions that defendant breached).

Chase argues that because the Second Amended Complaint does not cite any contractual provision it allegedly breached, Plaintiff's breach of contract claim must be dismissed. *See* Def. Mem. of Law at 17–18.

Plaintiff argues that "Chase's failure to cooperate and its obstruction in carrying out Plaintiff's instructions to effect the change of ownership, restrict further use of the account, and remove him from further liability on the new account constituted a breach of contract." Pl. Mem. of Law at 13. Plaintiff further argues that "[t]he absence of an express duty to process a change of ownership form is irrelevant because Chase's actions deprived Plaintiff of the right to receive a benefit from the contract, that is, to close the account at will or change or sell the business without incurring further debt to his detriment." *Id.* Finally, Plaintiff alleges that Chase

was obligated to "act reasonably, and pursuant to said Agreement take appropriate steps." Second Am. Compl. ¶ 102.

Plaintiff does not allege sufficient facts to state a cause of action for breach of contract because he has failed entirely to identify the specific contract term or terms that Chase allegedly breached.[11]  This omission is alone grounds for dismissal.  *See, e.g.*, *Negrete*, 187 F. Supp. 3d at 468; *Mariah Re*, 52 F. Supp. 3d at 611; *Wolff*, 171 F. Supp. 2d at 358.  Accordingly, Plaintiff's breach of contract claim is dismissed.

### C.     Fraud

A heightened pleading standard applies to claims alleging fraud, such that a party alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991).  To plead fraud with particularity, the complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)); *see also Kaufman v. Cohen*, 307 A.D.2d 113, 119 (1st Dep't 2003) ("[t]o state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury") (citation omitted).  Conclusory

---

[11] Plaintiff alleges that Chase "fail[ed] to cooperate" and engaged in "obstruction in carrying out Plaintiff's instructions." Pl. Mem. of Law at 13.  But Plaintiff does not identify any contract provision obligating Chase to cooperate in Plaintiff's instructions.  Likewise, Plaintiff's Second Amended Complaint references the "Agreement," *see* Second Am. Compl. ¶¶ 102–06, but does not identify or attach the specific agreement, let alone identify the specific provisions of that agreement that Chase violated.  Accordingly, the complaint is "too vague and indefinite" because the Plaintiff "fails to allege, in nonconclusory fashion, the essential terms of the parties' purported contract, including specific provisions of the contract upon which liability is predicated." *Negrete*, 187 F. Supp. 3d at 468 (quoting *Highlands Ins. Co. v. PRG Brokerage, Inc.*, No. 01-CV-2272, 2004 WL 35439, at *8 (S.D.N.Y. Jan. 6, 2004)).

allegations do not satisfy the pleading requirements of Rule 9(b). *In re Carter-Wallace, Inc., Sec. Regul.*, 220 F.3d 36, 40 (2d Cir. 2000). It is not sufficient to allege that the defendant made a false statement. The plaintiff must also allege facts that give rise to an inference that the defendant made the allegedly false statement with fraudulent intent. *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1984) (a "strong inference" of fraud can be alleged "either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness").

Plaintiff argues he has adequately alleged fraud because he has pled that Chase: (1) "fraudulently and maliciously [] attribute[d] alleged debt accumulated by another individual to Mr. Manes and attempted to collect a debt from Mr. Manes that he did not owe"; (2) "assured Plaintiff that upon receipt of written notification of transfer it would remove Plaintiff's name from the account, yet . . . instead falsely represented to Plaintiff that the request had been processed when, in fact, he remained on the account"; (3) opened a new account with a new account number for the new owners, but nevertheless falsely claimed that Plaintiff was liable for new charges on the new account; and (4) in October 2020, wrote to Plaintiff and falsely reported that that the credit reporting agencies were not reporting his account, when, in fact, they were. *See* Pl. Mem. of Law at 14 (citing Second Am. Compl. ¶¶ 46, 110, 115); *see also* Ashburn Decl. at Ex. C.

Plaintiff's claim fails because Plaintiff's allegations do not allege fraud with specificity. Plaintiff's first allegation is nothing more than a conclusory statement that Chase acted fraudulently; it does not actually identify a specific fraudulent statement made by Chase. *See In re Carter-Wallace*, 220 F.3d at 40. Plaintiff's second and third allegations likewise fail to

16

identify the "time, place, speaker, and . . . even the content of the alleged misrepresentations." *Wood ex rel. U.S. v. Applied Rsch. Assocs.*, 328 F. App'x 744, 748 (quoting *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986)) (internal quotation marks omitted). Finally, Plaintiff's fourth allegation, while it does contain details about the time, place, and content of the alleged misrepresentation, fails to adequately explain why the statement is fraudulent, not merely false. *See Shields,* 25 F.3d at 1128 ("to serve the purposes of Rule 9(b), we require plaintiffs to allege facts that give rise to a strong inference of fraudulent intent"). Plaintiff alleges only that Chase told him that the credit reporting agencies were not reporting his account when in fact they were. *See* Second Am. Compl. ¶ 46. Nothing about this statement indicates that Chase had any motive or opportunity to commit fraud, nor are there any facts alleged that constitute strong circumstantial evidence of conscious misbehavior or recklessness.

Because none of Plaintiff's allegations state a claim for fraud with appropriate specificity, Plaintiff's fraud claim is dismissed.

### IV. Leave to Amendment Is Denied in Part as Futile and Granted in Part

Finally, Plaintiff argues that, "[i]n the event the pleading of any of Plaintiff's claims are deemed inadequate," Plaintiff should be allowed to amend his claims "insofar as necessary." Pl. Mem. of Law at 15. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). It is, however, within the sound discretion of the court to grant or deny leave to amend. *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). Leave to amend may properly be denied if an amendment would be futile. *Cox v. Blackberry Ltd.*, 660 F. App'x 23, 25 (2d Cir. 2016).

Plaintiff's request for leave to amend is denied in part as futile and granted in part. Plaintiff's negligence and N.Y. Gen. Bus. Law § 349 claims are preempted; thus, no new

material could render those claims viable. By not opposing Chase's motion, Plaintiff abandoned his FDCPA and intentional or negligent infliction of mental distress claims. As to Plaintiff's breach of contract claim, Plaintiff has already had multiple opportunities to amend this claim and to specify which contractual provision was breached by Chase. *See* Am. Compl.; Second Am. Compl.; *see also* Jan. 6, 2021 Ltr. Mot., Dkt. 7. Further, he has not submitted a proposed amended pleading for review nor stated in his brief in opposition to Chase's motion what facts he could add to satisfy the applicable pleading standard. These factors combined are grounds to deny leave to amend. *See, e.g.*, *Rosendale v. Brusie*, 374 F. App'x 195, 198 (2d Cir. 2010) ("The numerous opportunities that [Plaintiff] has had to clarify or restate his claims and his failure to do so, in conjunction with his failure to submit a proposed amended pleading, provide a sufficient basis for . . . denying leave to amend."). Thus, leave to amend Plaintiff's complaint as to the claims discussed above is denied.

Although leave to amend should be denied if amendment is unlikely to allow the claim to survive a motion to dismiss, *Martin v. Dickson*, 100 F. App'x 14, 16 (2d Cir. 2004), plaintiffs are typically only denied leave to amend fraud claims when they have already had an "opportunity to replead fraud with greater specificity," *Devaney v. Chester*, 813 F.2d 566, 569 (2d Cir. 1987) (citing *Armstrong v. McAlpin*, 699 F.2d 79, 93–94 (2d Cir. 1983); *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115 (2d Cir. 1982)). Because the Plaintiff has not previously amended his fraud claim (it was added for the first time in the Second Amended Complaint), he may seek leave to amend as to that claim.

## CONCLUSION

For the foregoing reasons, Chase's motion to dismiss is granted in part and denied in part. Plaintiff's claims for: (1) negligence or gross negligence; (2) violation of N.Y. Bus. Law § 349;

(3) breach of the duty of good faith and fair dealing; (4) breach of contract; (5) fraud; (6) violation of FDCPA; and (7) intentional or negligent infliction of emotional distress are dismissed.  Plaintiff's FCRA claim may proceed.

Any motion for leave to file a Third Amended Complaint in accordance with this opinion must be made not later than **March 18, 2022**.  Any such motion must include a proposed Third Amended Complaint in clean and redlined forms and be supported by a letter brief of not more than five pages.  If Plaintiff moves for leave to file a Third Amended Complaint, Chase must respond to the motion not later than **April 1, 2022**, also with a letter brief not to exceed five pages.  Plaintiff's reply brief is due **April 7, 2022**, and may not exceed three pages.

If Plaintiff does not move for leave to file a Third Amended Complaint, Chase's answer to the claims in the Second Amended Complaint that survive is due **April 7, 2022**.

Regardless of whether Plaintiff moves for leave to file a Third Amended Complaint, the parties must meet and confer and provide the Court with a proposed Case Management Plan by **April 18, 2022**.

The Clerk of Court is respectfully directed to close the open motion at docket entry 58.

**SO ORDERED.**

Date:  March 7, 2022  
      New York, New York

**VALERIE CAPRONI**  
**United States District Judge**